La Sucn. de Saturnina Juarbe, demandante y apelante, *v.* Vicente Amador Pérez, demandado y apelado; Mercedes y Asunción Abril, citadas en evicción, apeladas.

No. 4922.—*Sometido:* Junio 2, 1931. *Resuelto:* Junio 4, 1931.

* Nota: Véase el prefacio.

368

*E. Ramos Antonini* y *Leopoldo Tormes,* abogados de la apelante: *A. García Ducós* y *E. González Mena,* abogados del apelado y las apeladas, respectivamente.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un pleito sobre reivindicación de una finca de ochenta y cinco cuerdas situada en Isabela, iniciado desde el año 1923. Se alega en la demanda que don Martín Juarbe allá por el año 1848 otorgó testamento a favor de sus hijos, adjudicándose a su muerte a su hija Juana, en la partición, la hacienda *Ranchera,* constante de quinientas cuerdas. Doña Juana casó en primeras nupcias con don Eugenio Corchado y en segundas con don Miguel R. Goicochea. Dejó tres hijos del primer matrimonio llamados Manuel, Martín y Cristina Corchado y Juarbe y varios más del segundo, entre ellos Dolores Corsino Goicochea a quien a la muerte de la madre se adjudicó como herencia parte de la indicada hacienda. Murió Doña Dolores dejando en su testamento a la liberta Saturnina Juarbe $1,685.10 que se le adjudicaron en el terreno que posee el demandado Amador y que ahora reclaman como suyo sus sobrinos los demandantes. Tal es el caso según los demandantes lo presentan.

El demandado Amador pidió que se citara de evicción y saneamiento a su vendedor. Se citó y compareció a defenderse. Se formularon por los demandados excepciones previas que fueron declaradas sin lugar, celebrándose finalmente el juicio ante el Juez Sr. Bryan que falleció antes de dictar

sentencia. Por convenio de las partes se sometió el caso al actual juez de distrito Sr. Mestre y éste lo decidió declarando la demanda sin lugar, con costas a los demandantes.

No conformes los demandantes apelaron señalando en su alegato la comisión de cinco errores cometidos a su juicio por la corte al declarar prescritas las acciones ejercitadas, al considerar tercero al demandado Amador, al resolver que Amador había ganado el dominio por prescripción, al imponer las costas a los demandantes y al dictar una sentencia contraria a las pruebas y a la ley.

La relación del caso y opinión es extensa y cuidadosa. Contiene un resumen de las alegaciones. Y estudiando éstas en relación con la prueba, narra, en veinte y ocho párrafos separados y numerados, toda la historia del caso. El párrafo 28 dice:

"Que el demandado Amador y sus predecesores en derecho han poseído la finca objeto de este litigio, como únicos dueños, en pleno dominio; quieta, pública y pacíficamente, por un término continuado de tiempo en conjunto mayor de veinte años, sin interrupción, con buena fe y justo título; ya contando tal plazo desde que se efectuó por Antonia Pino su primer acto de dominio de que noticias tenemos, es decir, desde que ella lo dió en arrendamiento a Emiliano Corchado (año 1895); o ya contando tal término desde que falleció Saturnina Juarbe (año 1899), es decir, desde que surgió para los herederos de ésta el derecho a reclamar lo que a ella le perteneciera. También ha transcurrido este plazo, si es que el mismo ha de comenzar desde que Antonia Pino hizo constar en el Registro de la Propiedad su derecho de dueña del dominio de dicho inmueble (26 de febrero de 1901). Tal plazo hay que estimarlo transcurrido, según se deja dicho, pues los actores promovieron su primera reclamación el día 26 de setiembre de 1923, fecha en que radicaron su demanda. A tenor del artículo 1858 del vigente Código Civil, la acción principal seguida en este caso está prescrita porque el plazo de prescripción es de diez años y, según se ha dicho, los demandantes han estado siempre presentes y la posesión del demandado Amador ha sido con buena fe y justo título. Pero, si los demandantes hubieran estado ausentes (que no lo han estado), siempre cabría la prescripción en este caso, pues la posesión del demandado Amador, repetimos, ha

sido con buena fe y justo título, como único dueño, en pleno dominio, quieta, pública y pacíficamente, por un término continuado de tiempo en conjunto mayor de 20 años no interrumpidos.''

A virtud de los hechos declarados probados, llegó la Corte a las siguientes conclusiones:

''Que el derecho de los demandantes ha prescrito para la acción principal, debiendo estimarse también prescrita la subsidiaria de indemnización por frutos percibidos.

''Que el codemandado Vicente Amador Pérez es tercero de buena fe y mejor derecho, y que también lo era su inmediato predecesor en derecho, Sr. Abril.

''Que hay que considerar que dicho demandado Amador ha ganado el dominio sobre la finca objeto de este pleito por prescripción adquisitiva.''

Y dictó sentencia de conformidad.

Para sostener el primer error o sea el cometido a juicio de los apelantes por la Corte al declarar prescritas las acciones de reivindicación y reclamación de frutos ejercitadas, dicen en su alegato:

''No existe base alguna del récord positivo, que permita llegar a la conclusión de que los demandados o cualquiera de ellos haya estado en la posesión quieta, pública y pacíficamente del inmueble objeto de este pleito por un período mayor de veinte años, y menos por diez años, en concepto de dueños, y por el contrario aparece que el pleito en este caso comenzó allá por el 1923, y que por el año 1907 Ceferino y Cecilio Pino trabajaban en concepto de dueños en la finca objeto de este pleito (Trans. 3, 10 y 11), y después constantemente los demandantes han estado reclamando la entrega de la finca.''

En los hechos 26 y 27 declarados probados por la Corte se consigna:

''Que en la referida finca de 89⅔ cuerdas, antes y después de morir doña Saturnina Juarbe, trabajaban algunos de los demandantes; pero no como dueños, sino como peones y medianeros.

''Que ninguna persona molestó a Vicente Amador, ni a sus predecesores en derecho, en la posesión de dicho inmueble de 89⅔ cuerdas, hasta que se radicó el pleito de epígrafe (26 de septiembre de 1923).''

La prueba fué contradictoria y el conflicto resuelto por la Corte, sin que se haya demostrado pasión, prejuicio, parcialidad o manifiesto error.

■■ Se sigue alegando para sostener el primer error y especialmente para fundar el segundo que se refiere a la declaración de la Corte respecto a la condición de tercero de buena fe del demandado Amador, que el registro demostraba la ineficacia del título de dominio, base del del dicho demandado; porque en la inscripción no se hizo constar que se había citado en el expediente a los anteriores dueños o sus causahabientes.

En la primitiva inscripción de dominio hecha a favor de doña Antonia Pino en 1901 a virtud de resolución de la Corte de Distrito de Mayagüez, se hace constar que el expediente se tramitó en forma legal, dándose la mayor parte de los detalles, pero en verdad se omite el consignar expresamente que se cumplió el trámite de la notificación.

Se llama la atención por la parte apelada sobre el hecho de que esta cuestión no se planteó en la corte de distrito. Y en verdad debió plantearse, pues si hubiera sido necesario demostrar tal notificación, los demandados hubieran podido completar la inscripción con el expediente judicial de dominio.

La cuestión carece de importancia dentro de este litigio. No hay duda alguna que declarado el dominio dentro de un procedimiento autorizado por la ley y por una corte con jurisdicción para ello, a favor de doña Antonia Pino, e inscrita la resolución también de acuerdo con la ley en el registro, la persona que adquiriera de la que del registro resultaba como dueña sin constarle nada en contrario, era un tercero de buena fe en cuanto a cualquiera otra persona que tuviera alguna reclamación sobre la finca. En tal virtud tercero fué con respecto a los demandantes don Osvaldo Abril al adquirir la finca por compra a doña Antonia Pino y tercero de igual modo fué el demandado Amador al adquirir de Abril y con mayor razón esto resulta así, al considerar la

conclusión de la corte relativa a la prescripción adquisitiva señalada como errónea por los apelantes, tercer señalamiento de error.

El título de dominio quedó inscrito a favor de la señora Pino desde 1901. Todo en el registro revela que la señora Pino actuó como dueña. Arrendó y vendió finalmente a Abril. El comprador ejercitó su derecho dominical vendiendo la finca al demandado Amador, quien al iniciarse este pleito llevaba con sus causantes más de veinte años de posesión como dueño con buena fe y justo título. ¿Qué más se necesita? No se advierte en verdad imperfección fundamental alguna en la inscripción de dominio de 1901, pues debe presumirse que la resolución judicial inscrita dictada como fué por la Corte con jurisdicción para ello, dentro del procedimiento autorizado por la ley, se dictó previo el cumplimiento de todos los requisitos exigidos por el estatuto, pero si algún defecto existiera habría quedado convalidado por la posesión en concepto de dueño disfrutada sin interrupción por más de veinte años.

Bajo cualquier aspecto que el caso se considere, procede la confirmación de la sentencia apelada. Lo dicho resuelve la no existencia del cuarto señalamiento de error, relativo a la imposición de las costas, y del quinto que es un resumen de los anteriores.

*Debe confirmarse la sentencia recurrida.*