PABLO PEDRAZA, demandante y apelante, *v.* GENARO GONZÁLEZ RODRÍGUEZ y ZENONA DEL VALLE ROSARIO, demandados y apelados.

Núm. 9317.—*Sometido:* Mayo 8, 1946. *Resuelto:* Diciembre 13, 1946.

*J. Calasanz Rivera,* abogado del apelante; *Francisco González, Jr.,* abogado de los apelados.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La segunda demanda enmendada radicada en este caso en el año 1940 (la original se había radicado nueve años antes, o sea, en 1931) alega tres causas de acción, a saber:

La primera, que el demandante es dueño, libre de cargas, de una finca rústica en el barrio Espino, de San Lorenzo, la cual se describe; que doña María Pedraza de la Cruz, dueña entonces de la finca, se la había arrendado en 1904 al demandado Genaro González por el resto de su vida, mediante el canon anual de $150; que en 1905 doña María vendió la finca a su hermano Narciso Pedraza, conocido por Mauricio Pedraza, con la condición de que respetara el arrendamiento mientras viviera la vendedora y con la obligación por parte del demandado de seguir pagando las contribuciones; que el demandado siguió cumpliendo el contrato en todas sus partes hasta el año 1914 cuando instituyó un expediente de dominio, a espaldas de Narciso Pedraza, poniendo la finca de referencia como bienes gananciales de él y de su esposa, inscribiendo como consecuencia la finca a su nombre en el Registro de la Propiedad de Caguas. Se alega que dicho expediente es nulo porque no fué citado el verdadero dueño anterior Narciso Pedraza y tampoco las personas que aparecían en la solicitud como dueños anteriores, ni sus causahabientes; que no se publicaron los edictos en forma legal, como fuera ordenado por la corte, y porque no se unió a los autos el récord taquigráfico del expediente y no dictaminó el fiscal; no habiéndose acreditado, además, mediante prueba testifical correspondiente, los hechos en que se basa la solicitud.

En la segunda causa de acción se alega que los demandados vienen poseyendo la finca en contra de la voluntad del demandante negándose a restituir y entregar dicha posesión, y en la tercera se expone que el demandante ha sufrido daños y perjuicios por la suma de $3,750, que la finca tiene un valor

de $4,000, sin incluir las edificaciones hechas por el demandado. Termina la demanda solicitando la nulidad del expediente de dominio, que se declare dicha finca como de la única y exclusiva propiedad del demandante[1] y se condene a los demandados a pagar $5,000 de daños y perjuicios.

Los demandados contestaron negando los hechos esenciales de la demanda, en cada una de sus causas de acción, y alegando como defensa que los demandados han poseído la finca durante más de veinte años con buena fe, justo título y sin interrupción alguna, habiendo adquirido el dominio de dicha finca por prescripción y siendo los únicos dueños de la misma.

La corte inferior dictó sentencia declarando sin lugar la demanda y en la opinión que emitió hizo constar que el expediente de dominio tramitado por Genaro González no era nulo ya que el que diligenció la citación a los anteriores dueños de la finca hizo constar que sólo había citado a Toribio, Pedro, Eustaquio y Josefina González por ser los "dueños conocidos, ignorándose las personas sucesoras y el domicilio de los demás anteriores dueños que aparecen de la moción inicial . . .;" que es de tenerse en cuenta que se publicaron edictos para notificar a las personas desconocidas que pudieron tener algún interés en el caso y entre éstas se encuentran los causahabientes de los cuales se ignoraba su paradero; que los edictos publicados cumplen con los requisitos del artículo 395 de la Ley Hipotecaria; que de la prueba practicada en relación con el expediente de dominio aparece que el promovente poseyó la finca por veinticinco o treinta años; que en el presente caso la prueba del demandante al efecto de que María de la Cruz Pedraza vendió la finca a Narciso Pedraza en el 1905 no le ha merecido crédito.

[1] Es de notarse que la demanda no contiene alegación alguna en cuanto a la forma en que el demandante adquirió la finca que reclama. Empero el demandante presentó prueba de ese hecho y puede considerarse enmendada la demanda en cuanto a dicho hecho.

Debido a la conclusión a que hemos llegado en cuanto a que el demandante no probó su título a la finca, no es necesario que entremos a considerar y resolver los once errores señalados por el apelante en este recurso.

██ El título que alega el apelante tener es un documento privado en el cual aparece Narciso Pedraza vendiéndole la finca en el año 1930 y en el que se hace constar que la adquirió de María de la Cruz Pedraza, también por documento privado, en el año 1905. Narciso Pedraza falleció antes de la celebración del juicio en este caso y el único testigo que declaró sobre esta transacción fué el demandante. Su declaración no mereció crédito a la corte inferior y resumiendo la prueba, en relación con las alegaciones de la demanda, hizo constar en su opinión lo siguiente:

"La única prueba de que María de la Cruz Pedraza, conocida por María Pedraza Cruz, había vendido a Narciso Pedraza, conocido por Mauricio Pedraza, es la propia declaración del demandante Pablo Pedraza, quien testifica que para esa fecha tenía diecisiete años de edad y en un viaje que hizo de Salinas al Barrio Espino de San Lorenzo, donde vivía María de la Cruz Pedraza, asistió a la referida venta, prueba que la Corte estima insuficiente en sí por el carácter de la misma, siendo como lo era el demandante, un muchacho de diecisiete años de edad para la fecha de la pretendida venta y a la vez el interesado en esta acción.

"*     *     *     *     *     *     *

"Las alegaciones de la demanda establecen que en 1904 los demandados entraron en posesión de la finca que se describe en dicha demanda y que en 1914 éstos instruyeron el expediente de dominio del que se solicita la nulidad y que los demandados cumplieron con el convenio que se alega había hecho con Mauricio Pedraza hasta el 1916. Así las cosas, no es hasta el 20 de enero de 1931 que se radica la primera demanda enmendada, sin alegarse cómo es que el demandante ha venido ha (sic) ser dueño de la finca, habiéndose otorgado el documento extrajudicial de venta y que es el exhibit Núm. 1 del demandante, en octubre de 1930 y reconocidas las firmas en 16 de mayo de 1931.

"¿Por qué Mauricio Pedraza, desde el año 1916 que dejó de cumplir el demandado Jenaro González Rodríguez con el convenio

celebrado dejó pasar hasta octubre de 1930, o sean, catorce años, sin reclamar nada contra éste y permitió que aquél continuara en la posesión pacífica sin llevarlo a los Tribunales para reclamar su heredad? ¿Por qué Pablo Pedraza, el demandante en esta acción, con conocimiento según el contrato de venta de los hechos con motivo de los cuales Jenaro González entró en posesión de dicha finca, compró sin exigir la entrega material de la misma?

"  *      *      *      *      *      *      ●

"Desde el 1904 en que entró en posesión de la finca Jenaro González hasta enero 20 de 1931, han transcurrido más de veinte años que los demandados han estado en posesión de dicha finca en concepto de dueños y sin interrupción alguna, pues de la prueba no aparece que los demandados fueran inquietados en dicha posesión hasta la radicación de esta acción en enero 30 de 1931, pudiendo aplicarse la teoría del caso de *Juarbe* v. *Pérez,* 42 D.P.R. 367.

"La corte entiende que en la tramitación del expediente de dominio del que se solicita la nulidad en este caso se han observado los requisitos que exige el artículo 395 de la Ley Hipotecaria y que el Juez que intervino en la aprobación del mismo estimó la prueba testifical ofrecida suficiente para ello; que no procede la acción reivindicatoria en este caso como consecuencia de la nulidad solicitada porque ésta no nace de la pretendida nulidad sino de un contrato de venta, estimando la corte, a la vez, que no se han probado a satisfacción, el hecho de que el demandante haya comprado para sí el inmueble motivo de esta acción,  . . ."

Hemos resuelto que el testimonio positivo de un testigo no contradicho, sobre un hecho determinado, debe merecer crédito a la corte a menos que su versión sea físicamente imposible, inverosímil o que por sus contradicciones o su conducta en la silla testifical, se haga indigno de crédito. *Caballero* v. *González,* 53 D.P.R. 539; *Navarro* v. *Compañía Azucarera "El Ejemplo",* 53 D.P.R. 726, y *Planellas* v. *Sucesión Planellas,* 59 D.P.R. 372.   En el caso de autos la corte inferior no dió crédito a la declaración del demandante en cuanto a que María de la Cruz Pedraza hubiera vendido la finca a Narciso Pedraza en el año 1905 en documento privado en presencia del demandante.

Somos de opinión que la corte inferior no erró al llegar a esta conclusión. Dada la naturaleza de la acción ejercitada y el tiempo transcurrido desde la alegada adquisición por Narciso Pedraza de la finca en 1905 hasta el 1930 en que se la vendió al demandante, sin que en ningún momento Narciso Pedraza tomara posesión ni iniciara acción judicial alguna en contra del demandado cuando éste dejó de cumplir el alegado contrato de arrendamiento desde el 1916, son hechos que tachan de inverosímil la declaración del demandante especialmente tomando en consideración el hecho de que cuando declaró en 1942 se estaba refiriendo a una transacción que ocurrió en el año 1905, o sea, unos treinta y siete años antes y cuando él contaba diecisiete años de edad. Bajo las circunstancias concurrentes la corte no estaba obligada a dar crédito a su declaración y al documento privado otorgado por Narciso Pedraza a su favor y, en su consecuencia, no probó el demandante que tuviera un título superior al de los demandados quienes a la fecha en que se interpuso la demanda estaban en posesión de la finca desde hacía más de veinte años, y habían inscrito el dominio desde el año 1914.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Snyder no intervino.